OPINION
{¶ 1} Appellant Justin Cunningham ("father") appeals the January 28, 2003 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, terminating father's parental rights, privileges, and responsibilities with respect to father's minor sons, Tyler (DOB 4/6/99) and Jordon (DOB 8/27/01), and granting permanent custody of the children to appellee Stark County Department of Jobs and Family Services ("the agency").
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 15, 2002, the agency filed a complaint in the Stark County Court of Common Pleas, Juvenile Division, alleging Tyler and Jordon Cunningham were dependent and neglected children, and seeking temporary custody of the children.[1] On July 11, 2002, father and mother Amy Williams[2] stipulated Tyler and Jordon were dependent children. The trial court continued temporary custody with the agency. Between April 25, 2002, and July 8, 2002, the agency filed three case plans for father and mother, documenting the concerns at issue and advising father and mother of the services the parents needed to address the concerns.
 {¶ 3} On November 6, 2002, the agency filed a Motion For Permanent Custody. The trial court scheduled a hearing on the motion for January 21, 2003. Prior to that date, the trial court conducted an annual review of the matter. The trial court found the agency had used reasonable efforts to finalize the permanency plan in effect, and did not find compelling reasons to preclude the agency's request for permanent custody. On December 24, 2002, father filed a Motion for Change of Legal Custody, requesting the trial court grant legal custody of Tyler and Jordon to their paternal grandmother, Anita Cunningham, in the event the children are not returned to father. Subsequently, Anita Cunningham filed a motion to intervene, motion for custody, motion for order of temporary placement and an affidavit in support of the aforementioned motions.
 {¶ 4} The trial court continued the hearing on the agency's motion for permanent custody and scheduled all other pending motions for January 22, 2003. Via Judgment Entry filed January 21, 2003, the trial court denied Anita Cunningham's motion to intervene. Prior to the commencement of the permanent custody hearing, Anita Cunningham filed a notice of appeal.
 {¶ 5} Father and mother objected to the trial court's proceeding with the hearing on the agency's motion for permanent custody, asserting Anita Cunningham's notice of appeal had divested the court of jurisdiction. The trial court overruled the objections and proceeded with the hearing.
 {¶ 6} Via Judgment Entry filed January 28, 2003, the trial court terminated father and mother's parental rights, privileges, and responsibilities, and granted permanent custody of Tyler and Jordon to the agency. It is from that judgment entry father appeals, raising the following assignments of error:
 {¶ 7} "I. The judgment of the trial court is void as a matter of law in that the court did not have jurisdiction to grant a motion for permanent custody.
 {¶ 8} "II. Assuming the trial court had jurisdiction, it abused its discretion and/or erred as a matter of law when it failed to grant custody of the minor children to paternal grandmother Anita Cunningham.
 {¶ 9} "III. The trial court erred in denying grandmother's motion to intervene.
 {¶ 10} "IV. Assuming the trial court had jurisdiction, the judgment that the minor children cannot or should not be placed with either parent was against the manifest weight and sufficiency of the evidence.
 {¶ 11} "V. Assuming the trial court had jurisdiction, the judgment that the best interest of the minor children would be served by permanent custody was against the manifest weight and sufficiency of the evidence."
 {¶ 12} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 13} A(E) Determination and judgment on appeal.
 {¶ 14} The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 {¶ 15} "The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 16} This appeal shall be considered in accordance with the aforementioned rule.
 I. {¶ 17} In his first assignment of error, father maintains the trial court's judgment is void as a matter of law because the court did not have jurisdiction to grant the agency's motion for permanent custody. Specifically, father submits Anita Cunningham's notice of appeal divested the trial court of jurisdiction to rule on the agency's motion for permanent custody. We disagree.
 {¶ 18} We must initially determine whether the trial court's denial of Anita Cunningham's motion to intervene constitutes a final appealable order. "To deny a person the right to intervene may be a final appealable order if the denial effects a substantial right and if the person would be prevented from obtaining [his/her requested] relief if intervention was denied." In the matter of Kandi Hartley (Oct. 13, 1988), Athens App. No. 1399, unreported. (Citation omitted). We find Anita cannot satisfy the second prong of the test set forth in Hartley. First, father filed a motion for change of custody to Anita Cunningham. Additionally, the trial court had statutory authority to grant custody to a relative. Accordingly, Anita was not prevented from obtaining her requested relief. Having failed to satisfy this prong, the denial of Anita's motion to intervene was not a final appealable order. The trial court retained jurisdiction over this matter.
 {¶ 19} Father's first assignment of error is overruled.
 II. {¶ 20} In his second assignment of error, father contends the trial court abused its discretion in failing to grant his motion for change of legal custody. Father challenges the trial court's finding "It is not necessary for the Court to determine the fitness of Ms. Cunningham in this matter * * * ", asserting the evidence presented demonstrated Anita Cunningham was an appropriate placement.
 {¶ 21} R.C. 2151.412(G) provides, in pertinent part: AIn the agency's development of a case plan and the court's review of the case plan, the agency and the court shall be guided by the following general priorities: * * * (2) If both parents of the child have abandoned the child, have relinquished custody of the child, have become incapable of supporting or caring for the child even with reasonable assistance, or have a detrimental effect on the health, safety, and best interest of the child, the child should be placed in the legal custody of a suitable member of the child's extended family; * * * (5) If the child cannot be placed with either of his parents within a reasonable period of time or should not be placed with either, if no suitable member of the child's extended family or suitable nonrelative is available to accept legal custody of the child, and if the agency has a reasonable expectation of placing the child for adoption, the child should be committed to the permanent custody of the public children services agency or private child placing agency.
 {¶ 22} The language of R.C. 2151.412(G) is precatory rather than mandatory. See, In Re: Hiatt (1983), 86 Ohio App.3d 716; In Re: Dixon
(Nov. 29, 1991), Lucas App. No. L-91-021, unreported; In Re: Cundiff
(Nov. 20, 1995), Stark App. No. 1995 CA 00102, unreported. Consequently, this statute does not require the trial court to act in a specific manner, but rather suggests criteria to be considered in making its decision regarding case plan goals. Dixon, supra.
 {¶ 23} With respect to Anita Cunningham, the trial court stated:
 {¶ 24} "It is not necessary for the Court to determine the fitness of Ms. Cunningham in this matter and, in fact, she may be an appropriate person to adopt these children. However, granting temporary custody, legal custody or temporary placement of the children with Ms. Cunningham at this juncture is found to be contrary to the childrens' best interest. During the lengthy pendency of this case and the agency's involvement, the agency attempted to work with these parents both in the home and through a case plan. The parents of these children resided with the paternal grandmother. It is clear that the paternal grandmother, although probably out of love for her son, has enabled her son and the childrens' mother to do virtually nothing to solve the problems which led to the intervention by the State for the protection of Tyler and Jordan. Justin Cunningham's family has financially supported him while he has abused drugs, remained unemployed and made no effort to comply with suggested services. It is abundantly clear to the Court that it is in the best interests of Tyler and Jordan that they achieve permanency in their lives. To grant anything less than permanent custody would not accomplish this necessary goal. If the paternal grandmother is able to eventually adopt these children, that permanency would, in fact, be realized in that she would have paramount rights over the children and the natural parents would not. At this point, giving the natural parents the ability to step back into the lives of these children would be contrary to their best interest need for permanency. Accordingly, the Court finds that granting legal custody to the paternal grandmother or anything less than permanent custody to the State would not be in the childrens' best interests." Findings of Fact and Conclusions of Law at 6-7. (Emphasis in original).
 {¶ 25} The trial court stated the childrens' need for permanency and its concerns relative to achieving that goal if the agency did not receive permanent custody. Accordingly, we find the trial court did not abuse its discretion in denying father's motion for change of legal custody to Anita Cunningham.
 {¶ 26} Father's second assignment of error is overruled.
 III. {¶ 27} In his third assignment of error, father maintains the trial court erred in denying Anita Cunningham's motion to intervene. We do not reach the merits of this assignment of error as father lacks standing to appeal this order.
 IV., V. {¶ 28} Because father's fourth and fifth assignments of error are interrelated, we shall address said assignments of error together. In his fourth assignment of error, father argues the trial court's finding the children could not or should not be placed with father within a reasonable time is against the manifest weight of the evidence. In his fifth assignment of error, father submits the trial court's finding the best interest of the children would be served by granting permanent custody to the agency is against the manifest weight of the evidence.
 {¶ 29} We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.
 {¶ 30} R.C. 2151.414(E) states: AIn determining at a hearing held pursuant to division (A) of this section . . . whether a child cannot be placed with either of his parents within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines * * * that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with the parent: (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties; * * * (4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child; * * * (16) Any other factor the court considers relevant."
 {¶ 31} The trial court found father had "made next to no attempt to comply with the case plan, and finds [his] lack of motivation to do whatever necessary to see the return of [his] children, appalling." Findings of Fact and Conclusions of Law at 3. Father failed to comply with the urinalysis. Father submitted two urine screens, both of which were positive for cocaine. Father did not complete the required psychological assessment. Father remained unemployed throughout the pendency of the action. Although father completed the intake process at Goodwill Parenting, he was denied admittance into the program due to his drug use. Father did not attend the INTERCEDE program, explaining he "should not have to go to a place like that." Additionally, father admitted he was not a fit parent.
 {¶ 32} Regarding "best interest," the relevant statute is R.C.2151.414, which provides, in pertinent part: "(B) The court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply: (a) The child is not abandoned or orphaned * * *, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents."
 {¶ 33} In determining the best interest of a child, R.C. 2151.414(D) states: "* * * the court shall consider all relevant factors, including, but not limited to, the following: (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child; (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) The custodial history of the child * * *; (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency."
 {¶ 34} For the reasons stated by the trial court in denying father's motion to change custody to Anita Cunningham as discussed in assignment of error II, supra, we find the trial court's finding it was in the children's best interest to grant permanent custody to the agency is not against the manifest weight of the evidence.
 {¶ 35} In light of the foregoing and based upon the entire record in this matter, we find the trial court's findings the children could not and should not be placed with father within a reasonable time, and it was in the best interest of the children to grant permanent custody to the agency were not against the manifest weight of the evidence. We further find the trial court did not abuse its discretion in granting permanent custody of the children to the agency.
 {¶ 36} Father's fourth and fifth assignments of error are overruled.
 {¶ 37} The judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.
By: Hoffman, J., Gwin, P.J. and Edwards, J. concur
[1] The agency originally filed a complaint in Case No. JU-120117, in December, 2001, alleging the children were dependent and neglected children, and seeking an order granting the agency protective supervision over the children. Under that case, the children were placed into the temporary custody of the agency on February 21, 2002. The agency voluntarily dismissed the action on April 15, 2002, due to its inability to bring the matter to trial within the statutorily mandated 90 day period.
[2] Mother is not a party to this appeal.